1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    MICHAEL SHANE CATES,

9                         Plaintiff,              Case No. C15-0900-JLR-MAT

10         v.
                                                 REPORT AND RECOMMENDATION
11   DENNIS IRWIN, *et al*.,

12                        Defendants.

13

14                  INTRODUCTION AND SUMMARY CONCLUSION

15         This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Michael Cates is

16   currently in the custody of the Washington Department of Corrections serving a 300 month

17   sentence pursuant to a judgment and sentence of the Snohomish County Superior Court.

18   Plaintiff alleges in this action that his constitutional rights were violated when he was unlawfully

19   arrested in Missouri and extradited to Washington to face charges in Snohomish County Superior

20   Court.  Plaintiff identifies Lake Stevens Police Department detectives Dennis Irwin and Dean

21   Thomas, and Snohomish County, as defendants in this action.  Plaintiff seeks compensatory

22   damages and release from custody.  Defendants have now filed motions for summary judgment.

23   Plaintiff has not filed a response to those motions but has, instead, submitted a request to

REPORT AND RECOMMENDATION
PAGE - 1

withdraw his complaint, a request which defendants oppose.

The Court, having reviewed defendants' motions for summary judgment, plaintiff's request to withdraw his complaint, and the balance of the record, concludes that plaintiff's request to withdraw his complaint should be denied, that defendants' summary judgment motions should be granted, and that plaintiff's complaint and this action should be dismissed with prejudice.

FACTS

On December 9, 2010, an information and affidavit of probable cause were filed in Snohomish County Superior Court charging plaintiff with one count of rape of a child in the first degree. (Dkt. 43, Ex. A.) A summons was issued and plaintiff, who was then residing in Missouri, was directed to appear for arraignment in Snohomish County Superior Court on January 5, 2011. (*Id*., Ex. B.) Plaintiff failed to appear for the hearing and Snohomish County Superior Court Judge Eric Lucas entered an order determining probable cause and directing the issuance of a warrant. (*Id*., Ex. C.) A warrant of arrest was issued by the Clerk of the Snohomish County Superior Court the following day, January 6, 2011. (*Id*., Ex. D.) The warrant indicated that the state would seek extradition from anywhere in the United States. (*See id*.)

On June 16, 2011, plaintiff was arrested in Nixa, Missouri on the warrant authorized by Judge Lucas, and plaintiff was booked into the Christian County Jail. (*See* Dkt. 39, Ex. G; Dkt. 42 at 4.) Plaintiff refused to sign a waiver of extradition and, because the Snohomish County Prosecutor's Office was not able to obtain the funds necessary to effectuate plaintiff's extradition, a decision was made to discontinue extradition proceedings and to instead serve plaintiff with another summons to appear for arraignment in Snohomish County Superior Court.

REPORT AND RECOMMENDATION
PAGE - 2

(*See* Dkt. 42 at 5-6.)  On June 22, 2011, the Christian County Sheriff's Office served plaintiff with a summons directing him to appear for an arraignment hearing in Snohomish County on July 20, 2011.  (*See id*. at 6 and Ex. A.)

The following day, June 23, 2011, the Snohomish County Prosecutor's Office advised the Snohomish County Sheriff's Office that the warrant hold on plaintiff could be released, but that the warrant was to remain outstanding though with modified, more limited, extradition boundaries.  (*See id*. at 6 and Ex. B.)  The Snohomish County Sheriff's Office, in turn, notified Christian County to release plaintiff's hold.  (*Id*. at 6.)  The Lake Stevens Police Department, the agency which had originally referred the case against plaintiff to the Snohomish County Prosecutor's Office, was also notified that the warrant hold on plaintiff was to be released.  (*See id*.)

The Lake Stevens Police Department thereafter contacted the prosecutor's office and advised that it would secure funding for plaintiff's transport back to Washington.  (*Id*. at 7.)  The prosecutor's office directed the Snohomish County Sheriff's Office to change the extradition boundaries back to those identified originally; *i.e.*, anywhere in the United States, and to instruct the Christian County Jail to maintain their hold on plaintiff.  (*See id*. at 7 and Ex. C.)  Plaintiff, however, had apparently already been released from the jail by the time that directive was communicated.  (*See id*. at 7.)

Plaintiff was re-arrested on the morning of June 24, 2011 on the reinstituted nationwide warrant and was booked back into jail.  (*Id*. at 7.)  An initial hearing was held later that same day and plaintiff again refused to waive extradition.  (Dkt. 42 at 7.)  The Snohomish County Prosecutor's Office proceeded to prepare and gather the documents necessary for extradition, including an application for requisition and a governor's requisition and warrant.  (*See id*. at 7

REPORT AND RECOMMENDATION
PAGE - 3

and Ex. D.)  The Governor of the State of Washington issued a requisition for plaintiff to the Governor of the State of Missouri on July 28, 2011.  (*Id*. at 9 and Ex. F.)  On August 15, 2011, the Missouri Governor issued a governor's warrant for the arrest of plaintiff, and directed that plaintiff be delivered into the custody of the duly authorized agent of the State of Washington. (*Id*. at 10 and Ex. G.)

The Lake Stevens Police Department and the Snohomish County Sheriff's Office thereafter made arrangements to transport plaintiff back to Washington.  (*Id*. at 10.)  Detectives Dean Thomas and Dennis Irwin escorted plaintiff back to Washington on August 29, 2011, and plaintiff was booked into the Snohomish County Jail.  (*See id*. at 11 and Ex. H; Dkt. 39, Ex. K.) Plaintiff was arraigned on August 30, 2011, and he entered a not guilty plea to the charge of rape of a child in the first degree.  (Dkt. 42 at 11; Dkt. 39, Ex. M.)  The prosecutor filed an amended information on January 17, 2012, charging plaintiff with three additional counts including a second count of rape of a child in the first degree and two counts of child molestation in the first degree. (Dkt. 43, Ex. E.)  Trial commenced the same day.  (*Id*.)  Plaintiff was subsequently found guilty by jury verdict on all four counts of the amended information.  (*Id*., Ex. F.)  He was sentenced on April 24, 2012, and the judgment and sentence was filed on May 4, 2012.  (*Id*.)

DISCUSSION

Defendants argue in their motions for summary judgment that plaintiff's claims are barred by the statute of limitations and, in any event, that plaintiff has not established any violation of a constitutional right.  (*See* Dkts. 38, 41.)  As noted above, plaintiff has not filed any opposition to the pending motions for summary judgment but has, instead, asked to withdraw his complaint, a request which defendants Irwin and Thomas oppose.  (*See* Dkts. 45, 47-49.)

/ / /

REPORT AND RECOMMENDATION
PAGE - 4

1

<u>Request to Withdraw Complaint</u>

2

On January 29, 2016, the date defendants' motions for summary judgment were noted for

3

consideration, the Court received a letter from plaintiff asking that his case against defendants be

4

withdrawn.   (Dkt. 45.)   Plaintiff indicates in his letter that though he believes he has a

5

meritorious case, he does not have access to an adequate law library and he does not have the

6

ability to pursue the case further without the assistance of counsel.  (*Id.*)  Defendants Irwin and

7

Thomas oppose plaintiff's request, arguing that plaintiff has been dilatory in seeking voluntary

8

dismissal and that he is only seeking voluntary dismissal now because of the likelihood that he is

9

going to lose.  (Dkt. 47.)  Defendants Irwin and Thomas ask that the Court rule on their pending

10

summary judgment motion.  (*Id.*)

11

The Court does not perceive any improper motive on plaintiff's part in seeking voluntary

12

dismissal at this juncture.  However, the Court concludes that plaintiff's request to withdraw his

13

complaint should nonetheless be denied.   As will be explained in greater detail below,

14

defendants' summary judgment motions appear to establish that plaintiff's complaint is barred by

15

the statute of limitations.  Thus, even if plaintiff were permitted to voluntarily dismiss this action

16

now, it is unlikely that he would be able to pursue it at any future date.  Plaintiff will therefore

17

receive no benefit from being permitted to withdraw his complaint and ruling on defendants'

18

summary judgment motions will provide them the finality they desire.   This Court therefore

19

recommends that plaintiff's request to withdraw his complaint be denied.

20

<u>Summary Judgment Standard</u>

21

Summary judgment is appropriate when, viewing the evidence in the light most favorable

22

to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the

23

movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a); *Anderson v.*

REPORT AND RECOMMENDATION
PAGE - 5

1    *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are facts which might affect the

2    outcome of the pending action under governing law.  *See Anderson*, 477 U.S. at 248.  Genuine

3    disputes are those for which the evidence is such that "a reasonable jury could return a verdict

4    for the nonmoving party."  *Id*.

5             In response to a properly supported summary judgment motion, the nonmoving party

6    may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts

7    demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the

8    existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of

9    evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.  In ruling on a

10   motion for summary judgment, the court may not weigh the evidence or make credibility

11   determinations.  *Id*. at 248.

12                                    <u>Statute of Limitations</u>

13            For claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute

14   of limitations governing personal injury actions.  *See Wilson v. Garcia*, 471 U.S. 261 (1985).

15   Thus, the applicable limitations period for plaintiff's claims is three years.  RCW 4.16.080(2).

16   Although state law provides the applicable limitations period for plaintiff's claims, federal law

17   determines when the cause of action accrues.  *See Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir.

18   1998)(citing *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994)).  Under federal law, a

19   cause of action accrues "when the plaintiff has a complete and present cause of action . . . that is,

20   when the plaintiff can file suit and obtain relief."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007)

21   (internal quotations omitted).

22            Defendants argue in their motions for summary judgment that the statue of limitations

23   began to run for purposes of this civil rights action on May 4, 2012, the date judgment was

REPORT AND RECOMMENDATION
PAGE - 6

entered in plaintiff's criminal proceedings.  Defendants suggest two possible justifications for their assertion that the limitations period began to run on the date judgment was entered, one based on accrual and one based on tolling.  Defendants maintain that where, as here, a plaintiff's claim is derivative of his arrest, extradition and subsequent conviction, the cause of action accrues when final judgment is entered by the trial court.  *Morales v. City of Los Angeles*, 214 F.3d 1151, 1152 (9th Cir. 2000).  Defendants also acknowledge that plaintiff benefits from the tolling provision of RCW 4.16.190 which provides that if, at the time an action accrues, a person is "imprisoned on a criminal charge prior to sentencing," the applicable statute of limitations is tolled during the time of the disability.[1]

While defendants offer these two possible justifications for their position, they don't clearly commit to either one, arguing only that the statute of limitations began to run on May 4, 2012, and expired three years later on May 4, 2015, approximately one month before plaintiff presented his civil rights complaint to this Court for filing on June 4, 2015.  This Court concurs that under either analysis suggested by defendants, the statute of limitations in this matter began to run, at the latest, on May 4, 2012, the date judgment was entered in plaintiff's state court criminal proceedings.  Plaintiff's complaint, which was signed on May 15, 2015, and was received for filing on June 4, 2015, is therefore untimely and this action should therefore be dismissed on this basis.

<u>Improper Service</u>

Given this Court's conclusion with respect to defendants' statute of limitations argument, the Court need not address the other arguments raised by defendants in their summary judgment

---

[1] Federal courts apply a forum state's law regarding tolling, including equitable tolling, in actions brought under § 1983.  *See Fink*, 192 F.3d at 914 (citing *Hardin v. Straub*, 490 U.S. 536, 537-39 (1989)).

REPORT AND RECOMMENDATION
PAGE - 7

motions.  However, there is one additional argument raised by defendants Irwin and Thomas that warrants at least brief discussion.  Defendants Irwin and Thomas argue that they should be dismissed from this action for lack of personal jurisdiction because plaintiff failed to serve them with a summons and complaint within 120 days of filing his complaint.  (*See* Dkt. 38.)

Because plaintiff was granted leave to proceed *in forma pauperis*, this Court assumed responsibility for effectuating service on defendants as it does in all such cases involving prisoners.  The Court ordered that defendant Snohomish County be personally served by the United States Marshal in accordance with Rule 4(j) of the Federal Rules of Civil Procedure.  (*See* Dkt. 7.)  The Court ordered that defendants Irwin and Thomas be served by first class mail and requested that they waive service of summons in accordance with Rule 4(d) of the Federal Rules of Civil Procedure.  (*See* Dkt. 6.)  The Court presumes that defendants Irwin and Thomas received their service packets because the packets were never returned to the Court and because counsel appeared on behalf of these two defendants a mere five days after the service packets were mailed.  (*See* Dkts. 9 and 10.)

The record reflects that defendants Irwin and Thomas never returned their waivers of service.  Plaintiff should not be penalized for a deficiency that appears to be attributable to defendants.  Moreover, the remedy at this juncture for the alleged deficiency in service of process would be for the Court to order personal service of the summons and complaint on defendants Irwin and Thomas and to assess the costs of such service against them.  *See* Fed. R. Civ. P. 4(d)(2).  If defendants wish to stay resolution of their pending motion for summary judgment until the service issue is resolved, they may so advise the Court by filing objections to this Report and Recommendation.  Otherwise, the Court will deem defendants to have consented to the Court's jurisdiction for purposes of resolving their pending summary judgment motion.

REPORT AND RECOMMENDATION
PAGE - 8

CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's request to withdraw his complaint be denied. This Court further recommends that defendants' motions for summary judgment be granted and that plaintiff's complaint, and this action, be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 6, 2016**.

DATED this 12th day of April, 2016.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 9